UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TERRENCE THOMAS,
        Plaintiff,

v.                                      CIVIL ACTION NO. 21-10394-JCB

NICOLE MANOOG and
BARNSTABLE COUNTY DISTRICT
ATTORNEY OFFICE,
        Defendants.

## ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS, MOTION FOR APPOINTMENT OF COUNSEL, AND TO SHOW CAUSE

**BOAL, U.S.M.J.**

1. Plaintiff Terrence Thomas's motion for leave to proceed in forma pauperis (ECF No. 2) is hereby ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $21.67. The remainder of the filing fee, $328.23, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at the Barnstable County Correctional Facility, along with the standard Notice to Prison form. Because Thomas is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), and because he is a prisoner, under 28 U.S.C. §1915A. Both statutes authorize the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action is frivolous, fails to state a claim on which relief may be granted or seeks monetary damages against an immune party. See id. In conducting this review, the Court liberally construes Thomas's complaint because he is proceeding pro se. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

2. Thomas's motion for appointment of counsel (ECF No. 4) is <u>DENIED</u> without prejudice. Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Thomas does not have a constitutional right to free counsel in a civil action. <u>See</u> <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991). To qualify for appointment of pro bono counsel, Thomas must demonstrate: (1) that he is indigent and (2) exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging on his due process rights. <u>See</u> <u>id.</u> at 24. This Court must examine the totality of the circumstances, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. <u>Id.</u> While Thomas appears indigent, that reason is insufficient and Thomas has not yet met his burden to demonstrate exceptional circumstances.

3. Pursuant to this Court's screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. §1915A(b), **<u>Thomas shall show cause by June 23, 2021</u>**, why the action should not be dismissed by a United States District Judge for the reasons stated below. Failure to comply with this Order will likely result in dismissal of this action by a United States District Judge.

    A. <u>Younger Doctrine Precludes Interference with Thomas's Criminal Action</u>

Under <u>Younger</u> abstention doctrine, "[t]he federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" <u>In re Justices of Super. Ct. Dept. of Massachusetts Tr. Ct.</u>, 218 F.3d 11, 16 (1st Cir. 2000) (quoting <u>Younger v. Harris</u>, 401 U.S. 37, 46 (1971)). "Where abstention on a claim for damages [as opposed to injunctive relief] is appropriate . . . the proper course is to stay the damages claim rather than dismiss the action in its entirety." <u>Amadi v. McManus</u>, CV 16-11901-NMG, 2018 WL

5555062, at *4 (D. Mass. Oct. 26, 2018).   Nevertheless, where the claims for monetary damages are otherwise subject to dismissal, a stay would not be warranted in any event.  Id.; see Hines v. Hervey, No. CV 17-40042-DHH, 2018 WL 1477138, at *4 n.3 (D. Mass. Mar. 26, 2018) ("Because the court has dismissed without prejudice the claims for monetary damages against the defendants…no…stay is necessary").   Here, it appears that the criminal action referred-to in the complaint is currently pending.   To the extent that Younger applies, it would appear dismissal rather than stay would be appropriate because the only claim for possible relief is $20,000,000 in monetary damages against apparently immune parties.   Compl. at 7.   The other relief sought is a request for this Court to investigate ADA Manoog, relief that is unavailable from this Court.  Id.

    B.  The Doctrine of Absolute Prosecutorial Immunity Likely Bars Individual Capacity Claims Against Assistant District Attorney Manoog

It is well-settled "that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [42 U.S.C. §1983]." Imbler v. Pachtman, 424 U.S. 409, 431 (1976).   The doctrine of absolute prosecutorial immunity protects any prosecutorial "actions that are 'intimately associated with the judicial phase of the criminal process.'"  Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler, 424 U.S. at 430). "The basic 'principle'. . .is . . . 'that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.'" Penate v. Kaczmarek, 928 F.3d 128, 136 (1st Cir. 2019) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)).   "As the Supreme Court has emphasized, 'the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.'" Penate, 928 F.3d at

136–37 (citing Buckley, 509 U.S. at 273).   Rather, the Court must look to whether the acts or omissions were taken as a function of a prosecutor.   Id.

To the extent the function is prosecutorial, rather than investigative or administrative, id. at 136-37, absolute immunity is applicable even if it leaves a "genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." Imbler, 424 U.S. at 427.   The Supreme Court explained the policy justifying the breadth of this immunity because to do otherwise "would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system.   Moreover, it often would prejudice defendants in criminal cases by skewing post-conviction judicial decisions that should be made with the sole purpose of insuring justice." Id. at 427–428.

Here, Thomas alleges that Assistant District Attorney Manoog

> along with Falmouth Police Officer Samantha Espinoza on 10-4-19 knowingly and purpos[e]fully, violated Mr. Thomas rights ADA Nicole Manoog put false charges on Mr. Thomas, mislead the Grand Jury with false documents and lies knowingly to obtain false indictments and falsely imprison Mr. Thomas.

Compl. 6-7.   This type of conclusory claim, even if true—a point on which this Court takes no position—without more well-pleaded enhancement appears to fall within the heartland of prosecutorial immunity.   Accordingly, on this record, Thomas's claims against ADA Manoog appear subject to dismissal.

C. Eleventh Amendment Sovereign Immunity Bars Claims Against the Barnstable District Attorneys' Office and Official Capacity Claims Against ADA Manoog

Thomas also names in the caption the Barnstable County District Attorney's Office.[1] Any such claim fails to state a claim upon which relief can be granted under 42 U.S.C. §1983[2] because of Eleventh Amendment sovereign immunity. "'[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment'" to the United States Constitution. Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014) (quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974)). The Commonwealth of Massachusetts has not consented to suit under 42 U.S.C. §1983 in its own or the federal courts, see Woodbridge v. Worcester State Hosp., 384 Mass. 38, 44–45 (1981), and Section 1983 does not abrogate a state's immunity from suit in federal court. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect...."). "[T]he Office of the District Attorney is, indeed, a state agency" and entitled to Eleventh Amendment sovereign immunity. Miller v. City of Bos., 297 F. Supp. 2d 361, 368 (D. Mass. 2003). Accordingly, the action is subject to dismissal as to the Barnstable County District

---

[1] The Barnstable County District Attorney's Office is a misnomer. While located in Barnstable it is more precisely referred to as the Cape and Islands District Attorney's Office, which geographically covers Barnstable, Nantucket and Dukes counties. See Mass. Gen. Laws Ch. 12, §13.

[2] Thomas does not expressly set forth 42 U.S.C. §1983 as the basis for his action. However, this Court, as it must, construes Thomas's pro se claims liberally. Hughes, 449 U.S. at 9 (1980).

Attorney's Office for lack of subject matter jurisdiction. To the extent that claims are brought against ADA Manoog in her official capacity, the claims fail for the same reason.

SO ORDERED.

DATED:   June 1, 2021          /s/ Jennifer C. Boal
                               JENNIFER C. BOAL
                               UNITED STATES MAGISTRATE JUDGE